UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER CHARLES DAY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendant. | Civil Action No. 19-3422 (EGS) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY**

Defendant, the United States Department of Defense, hereby respectfully submits its opposition to the Motion for Discovery filed by Plaintiff in the above-captioned matter (ECF No. 33, "Plaintiff's Motion"). Plaintiff is an incarcerated, *pro se* litigant pursuing this action under the Freedom of Information Act ("FOIA"). For the reasons set forth below, Defendant respectfully requests that the Court deny Plaintiff's Motion.

## BACKGROUND

On April 23, 2021, the Court granted in part and denied in part Defendant's Motion for Summary Judgment (ECF No. 27) and directed Defendant to file a renewed motion. ECF No. 32. The primary deficiencies identified by the Court related to Defendant's accounting for records referred to other, originating agencies, and Defendant's explanations for the exemptions it applied to responsive records, including its application of Exemption 7(A) to a category of records pertaining to a Defense Criminal Investigative Service investigation in which efforts are still on-going. ECF No. 32 at 5-6.

On May 10, 2021, Plaintiff filed his Motion, stating that "Plaintiff hereby motions [sic] this Court for Discovery.  It is clear that the Defendant has willfully violated the exemptions applicable to the FOIA/PA in its efforts to withhold a vast 'category' of records.  Discovery will prevent further Defendant violation and exploitation of the FOIA/PA to [Plaintiff]'s prejudice."  ECF No. 33.  As explained in Defendant's June 15, 2021 Motion for Extension of Time (which is still pending with the Court), Defendant has followed up with the agencies to which it referred records for direct release to Plaintiff and understands that the majority of those agencies have completed their processing of the records, and the FOIA processor assigned to this litigation within DOD's Office of Inspector General is in the process of revising the *Vaughn* Index and other supporting materials necessary for Defendant to renew its motion for summary judgment.  ECF No. 36.

**ARGUMENT**

Discovery is rare in FOIA litigation.  *Baker & Hostetler, LLP v. Dep't of Com.,* 473 F.3d 312, 318 (D.C. Cir. 2006).  That is because "[a]gency affidavits are accorded a presumption of good faith."  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Plaintiff's conclusory assertions notwithstanding, there is no evidence that "Defendant has willfully violated the exemptions applicable to the FOIA/PA" or otherwise acted in bad faith.  It is true that the Court denied Defendant's Motion for Summary Judgment as to its explanations for its uses of FOIA exemptions to withhold material from Plaintiff, but there was no finding that Defendant's declarations were inaccurate or untruthful.  *See* ECF No. 32.  To the contrary, the Court found that they were insufficiently detailed in their explanations of, for example, the investigations at issue with respect to the records withheld under Exemption 7(A), and has given Defendant an opportunity to renew its motion for summary judgment with more robust supporting materials.  ECF No. 32 at 6.  In such situations, "courts generally do not grant discovery but instead direct the

agency to supplement its affidavits," as this Court did. *Flowers v. IRS,* 307 F. Supp. 2d 60, 68 (D.D.C. 2004) (citing *Jud. Watch, Inc. v. Dep't of Just.*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002)).[1]

As explained in its recent Motion for Extension of Time, Defendant is working on a revised *Vaughn* Index and other supporting materials to provide more fulsome explanations of the information withheld pursuant to various FOIA exemptions and why the exemptions apply to the withheld information. See ECF No. 36. Plaintiff cannot demonstrate that he is entitled to discovery in light of these forthcoming materials and the fact that there is no outstanding motion for summary judgment. Moreover, FOIA is not an opportunity for Plaintiff to explore the methodology, strategy, or motives of government officials, except as they are reflected in the records requested. *See Flowers v. IRS*, 307 F. Supp. 2d 60, 71 (D.D.C. 2004) (rejecting request to discard presumption of good faith and order discovery because it was "apparent to the court . . . that plaintiff's challenge is not about the adequacy of the IRS' searches," but an attempt "to investigate the IRS' motives in selecting her for an audit"). Thus, if Plaintiff is seeking discovery only to gain insight into Defendant's thought process in determining which exemptions to apply, discovery is likewise disallowed. *See e.g. Ajluni v. FBI*, 947 F. Supp. 599, 608 (N.D.N.Y. 1996) (explaining that discovery is not permitted into the "thought process of the agency in deciding to claim a particular FOIA exemption"); *Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (stating that "discovery is limited to factual disputes . . . [and that] the thought processes of the agency in deciding to claim a particular FOIA exemption . . . are protected from disclosure.").

---

[1] Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may allow discovery after a motion for summary judgment has been filed "if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." However, as noted above, in FOIA cases, agency declarations bear the presumption of good faith and it is typical to allow the agency to supplement these declarations if they are found to be lacking in detail.

As Plaintiff has provided no evidence to support his Motion's suggestion of bad faith, Plaintiff's discovery request is inappropriate and should be denied.

Dated: June 23, 2021
Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/s/_____
SIAN JONES, D.C. Bar No. 1024062
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2578
Sian.Jones@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I caused a copy of Defendant's Opposition to be served upon Plaintiff by first class mail marked for delivery to:

>ROGER CHARLES DAY, JR.
>R12388-050
>USP Terre Haute
>P.O. Box 33
>Terre Haute, IN  47808
>USA

>/s/  Sian Jones
>SIAN JONES

>*Counsel for Defendant*