UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER CHARLES DAY, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, <br><br> Defendant. | Civil Action No. 19-3422 (EGS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

Argument ..................................................................................................................................... 1

    I.    Plaintiff Has Failed to Properly Dispute Defendant's Statement of Undisputed Material Facts And Has, Therefore, Conceded the Material Facts Asserted by Defendant ........................................................................................................... 2

    II.   Defendant and the Referral Agencies Are Entitled to Judgement as to the Remaining Issues. ................................................................................................ 5

    III.  Defendant Released All Responsive, Non-Exempt, Segregable Records .............. 9

CONCLUSION............................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Al-Tamimi v. Adelson*,
  916 F.3d 1 (D.C. Cir. 2019) ............................................................................................... 9

*Armstrong v. Exec. Off. of the President*,
  97 F.3d 575 (D.C. Cir. 1996) ............................................................................................. 9

*Burke v. Gould*,
  286 F.3d 513 (D.C. Cir. 2002) ........................................................................................... 2

*Burt v. Nat'l Republican Club of Capitol Hill*,
  828 F. Supp. 2d 115 (D.D.C. 2011) ............................................................................. 5, 6

*Canning v. Dep't of Just.*,
  567 F. Supp. 2d 104 (D.D.C. 2008) .................................................................................. 9

*Dage v. Johnson*,
  537 F. Supp. 2d 43 (D.D.C. 2008) .................................................................................... 3

*Dep't of Just. v. Reps. Comm. for Freedom of Press*,
  489 U.S. 749 (1989) ........................................................................................................... 8

*Grimes v. District of Columbia*,
  794 F.3d 83 (D.C. Cir. 2015) ............................................................................................. 4

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*,
  101 F.3d 145 (D.C. Cir. 1996) .......................................................................................... 5

*Maib v. FDIC*,
  771 F. Supp. 2d 14 (D.D.C. 2011) ............................................................................. 9, 10

*Master v. FBI*,
  926 F. Supp. 193 (D.D.C. 1996) ....................................................................................... 8

*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*,
  566 F.2d 242 (D.C. Cir. 1977), ......................................................................................... 9

*Military Audit Project v. Casey*,
  656 F.2d 724–53 (D.C. Cir. 1981) ................................................................................ 7, 8

*Oviedo v. Wash. Metro. Area Transit Auth.*,
  948 F.3d 386 (D.C. Cir. 2020) .......................................................................................... 3

*Petrucelli v. Dep't of Just.*,
  153 F. Supp. 3d 355 (D.D.C. 2016) .................................................................................. 8

*Porter v. Shah*,
  606 F.3d 809 (D.C. Cir. 2010) .......................................................................................... 6

*Public Citizen v. Dep't of State*,
  11 F.3d 198 (D.C.Cir.1993) ............................................................................................... 7

*SEC v. Banner Fund Int'l*,
    211 F.3d 602 (D.C. Cir. 2000) ........................................................................................... 3

*Sussman v. U.S. Marshals Serv.*,
    494 F.3d 1106 (D.C. Cir. 2007) ......................................................................................... 9

*Weisberg v. Dep't of Just.*,
    745 F.2d 1476 (D.C. Cir. 1984) ......................................................................................... 8

*Wolf v. CIA*,
    473 F.3d 370 (D.C. Cir. 2007) ........................................................................................... 7

Defendant the United States Department of Defense (the "Department"), and in particular its Office of Inspector General (the "Inspector General" or "Defendant"), through undersigned counsel, hereby respectfully submits this reply in further support of its second renewed motion for summary judgment (ECF No. 57, "Second Renewed Motion"), which arises from a Freedom of Information Act ("FOIA") request submitted by Plaintiff Roger Charles Day, Jr. ("Plaintiff").[1]

## ARGUMENT

The Court has previously granted judgment to Defendant as to all aspects of its response to Plaintiff's FOIA request other than Defendant's withholdings pursuant to FOIA Exemption 7(D) and the Exemption 7(E) withholdings of the Executive Office of United States Attorneys ("EOUSA"), the U.S. Marshals Service ("Marshals Service"), and INTERPOL Washington, U.S. National Central Bureau ("INTERPOL Washington"). Def.'s Open. Br. at 2, ECF No. 57-1 ("Open. Br."). As explained in Defendant's Opening Brief, following the Court's decision on Defendant's first renewed motion for summary judgment (ECF No. 48, "First Renewed Motion"), Defendant, EOUSA, the Marshals Service, and INTERPOL Washington have all reviewed the withholdings for which the Court denied summary judgment and either reprocessed the records to release additional information or provided additional justifications for their withholdings. Open. Br. at 4, 8-14.

In Plaintiff's Opposition to Defendant's Second Renewed Motion for Summary Judgment (ECF No. 59, "Plaintiff's Opposition"), Plaintiff purports to challenge unspecified withholdings pursuant to Exemptions 6 and 7(C), arguing that they are barred by the Public Domain Doctrine.

---

[1] With its moving papers, Defendant also submitted therewith the Supplemental Declaration of Mark Dorgan (ECF No. 57-3); the Supplemental Declaration of Theodore B. Smith (ECF No. 57-4); the Declaration of Kathleen Molen (ECF No. 57-6); and the Second Declaration of Jessica F. Younger (ECF No. 57-12).

Opp'n at 3. Plaintiff's arguments fail. As a threshold matter, Plaintiff's attempts to respond to Defendant's Statement of Material Facts Not in Genuine Dispute (ECF No. 57-2, "Defendant's Statement") do not comply with Local Civil Rule ("Local Rule") 7(h). In addition, Plaintiff waived his right to raise objections regarding Exemptions 6 and 7(C) by failing to respond to Defendant's First Renewed Motion. Finally, even if Plaintiff could raise these arguments now, Plaintiff has not demonstrated that the Public Domain Doctrine bars Defendant's withholdings. For these reasons and those stated in Defendant's Opening Brief, Defendant is entitled to judgment as a matter of law with respect to its response to Plaintiff's FOIA request.

### I. Plaintiff Has Failed to Properly Dispute Defendant's Statement of Undisputed Material Facts And Has, Therefore, Conceded the Material Facts Asserted by Defendant

Plaintiff has chosen not to comply with the requirements of Local Rule 7(h) and, in the process, has failed to dispute the factual assertions and evidence in Defendant's Statement; thus, the Court should adopt as undisputed the facts asserted in Defendant's Statement. *See Burke v. Gould*, 286 F.3d 513, 518 (D.C. Cir. 2002) (quoting *Tarpley v. Greene*, 684 F.2d 1, 7 (D.C. Cir. 1982)) (granting summary judgment in defendant's favor when plaintiff "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue.").

Local Rule 7(h)(1) requires that, "[a]n opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." Further, the rule instructs that "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Strict

compliance with Local Rule 7(h)(1) is required. *Dage v. Johnson*, 537 F. Supp. 2d 43, 52 (D.D.C. 2008) (citing *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980)). The D.C. Circuit has held that, "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should '[i]nstead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's [Local Rule 7(h)] statement.'" *SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (citation omitted); *see also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").

This strict standard set forth in Federal Rule of Civil Procedure ("Rule") 56(c) and Local Rule 7(h) applies to pro se litigants such as Plaintiff. *See Oviedo v. Wash. Metro. Area Transit Auth.,* 948 F.3d 386, 397 (D.C. Cir. 2020) ("*[P]ro se* litigants do not have a 'license' to 'ignore the Federal Rules of Civil Procedure.' . . . [Plaintiff's] failure to provide support in the record for his memorandum's allegations of the job specifications barred him from disputing [Defendant's] description of the job specifications.") (citations omitted). Plaintiff was informed of these requirements by the Court's *Fox Neal* Order, which was issued on April 30, 2024. Order, ECF No. 58. The Order advised Plaintiff that, "[o]n a motion for summary judgment, . . . 'any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion.'" Order at 1, ECF No. 58 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)). In addition, the Order explained that "[m]otions for summary judgment are also governed by Local Civil Rule 7(h),

which provides . . . An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement[.]" *Id.* at 2.

The Order also explained that, under Rule 56(e), if Plaintiff did not properly address a fact asserted by Defendant in a motion for summary judgment, one result could be that the Court could "consider the fact undisputed for purposes of the motion." *Id*. at 1.  The Court also reproduced the text of Rule 56(c), which states that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at 2.

Plaintiff did make a nominal effort to respond to the Defendant's Statement, which was produced in table form with a blank column for Plaintiff's response.  *Compare* Def. Stmt., ECF No. 57-2, *with* Pl. Resps. to Def. Stmt. ("Pl. Resp."), ECF No. 59-1 at 18-28. Plaintiff, however, made no effort to cite to the record or otherwise provide admissible evidence that supports his position.  *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015) (noting that plaintiff has "burden to identify evidence that a reasonable jury could credit in support of each essential element of [his] claims" and "cannot rely on the allegations of [his] own complaint in response to a summary judgment motion, but must substantiate them with evidence").  Plaintiff also raises no disputes of material fact supported by record evidence regarding the statements in Defendant's Statement.  *See* Pl. Resp., ECF No. 59-1 at 18-28; *see also* LCvR 7(h)(1) (requiring "references to

the parts of the record relied on to support the statement"). Because Plaintiff has failed to comply with Local Rule 7(h) and otherwise failed to address or dispute the facts asserted by the Defendant, the facts contained in the Defendant's Statement should be deemed as admitted by Plaintiff. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) (affirming district court's decision to deem uncontroverted facts admitted where statement of nonmovant was "[r]eplete with factual allegations not material to . . . substantive claims and repeatedly blend[ed] factual assertions with legal argument"); *Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 119 (D.D.C. 2011), *aff'd* 509 F. App'x 1 (D.C. Cir. 2013) (relying on uncontroverted facts put forward by defendants that plaintiff merely repeated in opposition brief); *see also* Order at 5–6, ECF No. 55 (treating Defendant's prior statement of fact as admitted after Plaintiff failed to respond).

## II. Defendant and the Referral Agencies Are Entitled to Judgement as to the Remaining Issues.

As explained in Defendant's Opening Brief, the Inspector General, EOUSA, the Marshals Service, and INTERPOL Washington have all reviewed the withholdings for which the Court denied summary judgment and updated their responses to address the issues identified by the Court in its Memorandum Opinion. Specifically, the Inspector General is no longer asserting Exemption 7(D) to withhold information and provided Plaintiff with a supplemental production, Open. Br. at 3-4; EOUSA is no longer asserting Exemption 7(E) to withhold information, provided Plaintiff with a supplemental production, and provided a supplemental declaration explaining its continued withholdings on affected documents, Open. Br. at 8-10; the Marshals Service lifted some of its Exemption 7(E) withholdings and provided Plaintiff with a supplemental production and provided a supplemental declaration explaining its continued withholdings on affected documents, Open.

Br. at 10-13; and INTERPOL Washington provided a supplemental declaration explaining its continued withholdings on affected documents, Open. Br. at 13-14.

In his Opposition, Plaintiff does not address any of the remaining withholdings pursuant to Exemption 7(E). *See generally* Opp'n. Instead, Plaintiff challenges unidentified withholdings pursuant to Exemptions 6 and 7(C) on grounds that they are improper under the public domain doctrine. *Id.* at 3 ("The names, the specific information withheld under (b)(6) [and] (b)(7)(C) are withheld in violation of the public domain doctrine and the defendant knows this as some of its own public publications freely disclose this specific information obviously without any undue invasion of privacy."). Plaintiff's argument fails for at least two reasons.

First, the withholdings implicated by Plaintiff's arguments appear to be ones for which the Court already granted Defendant judgment. The Court reviewed Defendant's showing regarding Exemptions 6 and 7(C) in its First Renewed Motion for Summary Judgment and found that the Inspector General, EOUSA, the Marshals Service, and INTERPOL Washington had all met their burdens with respect to these withholdings. Order at 25-27, ECF No. 55. Because the Court has already granted judgment with respect to these withholdings, Plaintiff cannot now challenge them in connection with a dispositive motion addressing the discrete portion of withholding for which the Court denied Defendant's First Renewed Motion. *Cf. Porter v. Shah,* 606 F.3d 809, 814 (D.C. Cir. 2010) (finding that the elements of claim preclusion were present and barred certain counts in lawsuit).

Second, even if Plaintiff were entitled to challenge withholdings pursuant to Exemptions 6 and 7(C) at this stage, his argument regarding the Public Domain Doctrine fails. The D.C. Circuit has held that "the fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause harm cognizable under a FOIA exemption."

*Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). As a consequence, "a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Id.* (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)). Prior disclosure of similar information does not suffice; instead, the specific information sought by the plaintiff must already be in the public domain by official disclosure. *Wolf*, 473 F.3d at 378. The insistence on exactitude recognizes "the Government's vital interest in information relating to national security and foreign affairs." *Public Citizen v. Dep't of State*, 11 F.3d 198, 203 (D.C.Cir.1993); *see also Military Audit Project v. Casey*, 656 F.2d 724, 752–53 (D.C. Cir. 1981) (rejecting claim that public disclosure of some information overlapping with content of requested material results in waiver as to all information).

Here, Plaintiff's lacks any exactitude. First, while Plaintiff appends three pages of the production to his Opposition (Pl. App'x, ECF No. 59-1 at 14–16), he provides little guidance as to how these pages appear in the public domain or how they are representative of the larger set of withholdings he is challenging. *See generally* Opp'n. Instead, he refers generally to what he assumes is the withholding of the names (and potentially other personal identifying information) of individuals named Shane O'Neill, John Davis, Mary Kate Anton, Ryan Faulconer, or Thad Osterhout, some of whom Plaintiff believes were special agents or attorneys involved in investigations regarding him or his prosecution. *Id.* at 2. Further, the information in the public domain to which Plaintiff points appear to be search results from a search engine regarding the individuals whose information he believes was redacted. Pl. App'x, ECF No. 59-1 at 5–13. The news article thumbnails cited by Plaintiff do not have official statements from the federal government affirming the roles of any individual in investigations regarding Plaintiff or his

prosecution, and the news articles and Facebook content regarding specific individuals do not detail their particular involvement in investigations or cases involving Plaintiff. *See id*.

In addition, the privacy interest at stake belongs to the individual, not the government agency. *See Dep't of Just. v. Reps. Comm. for Freedom of Press,* 489 U.S. 749, 763-64 (1989). "That interest can be waived . . . , but only by the individual whose interest is affected," *Petrucelli v. Dep't of Just.*, 153 F. Supp. 3d 355, 362 (D.D.C. 2016) (citations omitted), *aff'd*, No. 16-5042, 2016 WL 5349349 (D.C. Cir. Aug. 22, 2016). Even if the Plaintiff knows that one or more of the special agents was involved in his case, the agent's privacy interest is not extinguished because the requester knows or can surmise his identity. *See Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1491 (D.C. Cir. 1984); *Petrucelli*, 153 F. Supp. 3d at 362 ("[A] government agency is not at liberty to disclose the name of or identifying information about an individual referenced in law enforcement records, even if the requester already knows, or is able to guess, the individual's identity."); *Master v. FBI*, 926 F. Supp. 193, 198-99 (D.D.C. 1996) (protecting subjects of investigative interest even though plaintiffs claimed to know their names), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

Plaintiff waived his right to challenge Defendant's Exemption 6 and 7(C) withholdings by failing to respond to Defendant's First Renewed Motion and, even if he had not, he now fails to satisfy his burden in making a Public Domain Doctrine argument. As demonstrated by Defendant's Opening Brief and supporting materials, Defendant met its burden of demonstrating that Exemption 7(E) was properly applied in the consults and referrals directed to EOUSA, the Marshals Service, and INTERPOL Washington. Defendant is entitled to judgment with respect to its remaining withholdings.

**III.     Defendant Released All Responsive, Non-Exempt, Segregable Records**

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b).  Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977).  To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

As explained in Defendant's Opening Brief, Defendant has satisfied its obligation with respect to demonstrating that all reasonably segregable information was released.  Open. Br. at 14-15.  Plaintiff's Opposition does not address any of the arguments regarding segregability and, therefore, concedes them.  *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("A party forfeits an argument by . . . [m]entioning [it] in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (citations omitted)); *see also Maib v. FDIC*, 771 F. Supp. 2d 14, 20 (D.D.C. 2011) ("The plaintiffs do not address this argument in their opposition to the motion to dismiss, and therefore have waived any opposition or have conceded the issue.").

As demonstrated by the Declaration of Mark Dorgan (ECF No. 48-3), Defendant made a production in 2020 and, after conclusion of the investigation that had formed the basis for the earlier Exemption 7(A) withholdings, processed all the previously withheld records and made eight

productions of responsive, non-exempt records.  Def. Stmt. 1st Renew. Mot. ¶¶ 19-33, ECF No. 48-2.  Defendant also made supplemental releases after re-reviewing certain materials.  *Id.*  The Inspector General has reviewed each record line by line to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.  Dorgan Decl. ¶ 58, ECF No. 48-3.  Upon completion of this line-by-line review, Defendant determined that all information not exempt from disclosure pursuant to the FOIA exemptions specified above had been correctly segregated and non-exempt portions had been released.  Dorgan Decl. ¶ 59, ECF No. 48-3.

In addition, as explained in the supplemental declarations submitted in support of Defendant's Second Renewed Motion, EOUSA and the Marshals Service conducted additional reviews and released additional information to Plaintiff, further demonstrating that all information not exempt from disclosure pursuant to the FOIA exemptions specified above had been correctly segregated and non-exempt portions had been released.  *See generally* Supp. Smith Decl., ECF No. 57-4; Molen Decl. ¶¶ 15-16, ECF No. 57-6.  EOUSA released all reasonably segregable information.  1st Smith Decl. ¶ 21, ECF No. 48-18; *See generally* Supp. Smith Decl., ECF No. 57-4.  INTERPOL Washington also released all reasonably segregable information.  *See generally* 1st Younger Decl., ECF No. 48-26; 2d Younger Decl., ECF No. 57-12.

Thus, Defendant has met its burden with respect to demonstrating that it released all responsive, non-exempt, reasonably segregable records.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, and those stated in Defendant's Opening Brief, Defendant respectfully submits that it should be granted summary judgment with respect to its response to Plaintiff's FOIA request.

Dated: July 31, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ *Sian Jones*_____
    SIAN JONES, D.C. Bar #1024062
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2578
    Sian.Jones@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, I caused a copy of the foregoing Reply to be served upon Plaintiff by first class mail marked for delivery to:

> ROGER CHARLES DAY, JR.
> R12388-050
> FCI Butner-1
> P.O. Box 1000
> Butner, NC 27509

/s/ *Sian Jones*
SIAN JONES

*Counsel for Defendant*